IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**MARK BLACKSON**                      **PLAINTIFF**

VS                      **CAUSE NO. 2:10-CV-169-P-A**

**DESOTO COUNTY, MISSISSIPPI,**
**and SHERIFF WILLIAM**
**RASCO, INDIVIDUALLY and**
**In his official capacity as Sheriff of DeSoto**
**County, Mississippi**                      **DEFENDANTS**

## MEMORANDUM BRIEF

Defendants, by counsel, respectfully submit this Memorandum Brief in support of dismissal, as required by *Uniform District Court Rule 7.2(D)*.

### I. PROCEDURE

A motion to dismiss is appropriate where a plaintiff cannot state a claim. A motion to dismiss under *Fed. Rule. Civ. Proc.* 12(b)(6) challenges the legal sufficiency of the Complaint and raises an issue of law. In order to give the defendant fair notice of the claim, the plaintiff is required to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. Proc.* 8(a)(2). The Fifth Circuit has held that complaints "must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." Guidry v. American Public Life Ins. Co., 512 F.3d 177 (5th Cir. 2007). The plaintiff must plead "enough facts to state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965; see also Schafer v. State Farm Fire and Cas. Co., 507 F. Supp. 2d 587, 591. The Fifth Circuit summarizes their standard for dismissal under Rule 12(b)(6) as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Lowrey v. Texas A& M University System, 117 F.3d 242 (5th Cir. 1997).

## II. SUBJECT MATTER JURISDICTION

The Plaintiff seeks relief in this federal forum pursuant to Uniformed Services and Reemployment Rights Act (USERRA), a federal statute that protects employees from being discriminated against by their employers because of military service.[1] The Defendants claim that this matter fails for lack of subject matter jurisdiction under 38 U.S.C. §4323(b)(2)[2] because this claim must be exclusively filed in state court. The Amended Complaint properly comments upon Mississippi Law by stating that DeSoto County is a political subdivision of the State of Mississippi.[3] USERRA broadly defines "State" to include political subdivisions thereof. 38 U.S.C. §4303(14) Yet, it also defines "private employer" to include a subdivision of a state for the purpose of §4323.[4]

---

[1] 38 U.S.C. §4311.

[2] "In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State."

[3] See Amended Complaint, Doc 3, ¶2.

[4] 38 U.S.C. §4323(I)

The 2008 Fifth Circuit decision of McIntosh v. Partridge, 540 F.3d 315 (5th Cir. 2008), supports a finding that subject matter jurisdiction is absent. There the Fifth Circuit held that "[a]fter examining the text of the statute in its current and prior forms, we see no 'unmistakably clear' intention by Congress to abrogate state sovereign immunity by allowing individuals to bring USERRA claims against states as employers in federal court. Therefore, this court does not have jurisdiction to hear McIntosh's USERRA claim." *Id.* The governmental defendant in McIntosh was not the state. *Id.* It was the director of public educational institution. *Id.*

Citing 38 U.S.C. §4323(I) the Seventh Circuit case of Sandoval v. City of Chicago, 560 F.3d 703 (7th Cir. 2009), reached a different result with a seemingly comparable employer: "Suits against private employers under the Uniformed Services Employment and Reemployment Rights Act may be filed in federal court, but suits against states must be filed in state court. Compare 38 U.S.C. §4323(b)(2) with (b)(3). We held in Velasquez v. Frapwell, 165 F.3d 593 (7th Cir. 1999), that this means only state court: §4323(b) is designed to avoid problems under the eleventh amendment with federal suits against states. See Seminole Tribe v. Florida, 517 U.S. 44, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). But §4323(i) defines "private employer" to include a subdivision of a state for the purpose of §4323. So the holding of Velasquez concerns only suits against states themselves. Chicago is a "political subdivision" of Illinois, and subject-matter jurisdiction is established."

Even though the entity in McIntosh was a political subdivision of the State of Texas, the case does not shed any light on §4323(I), the definition relied upon in Sandoval. The deeper question which concerned the Fifth Circuit appears to be Eleventh Amendment Immunity. Traditionally, this

3

would apply only if (in this context) the state had managerial prerogative.[5] The constitutional duty of a sheriff is traditionally determined based upon what is required by state law.[6] Traditionally, a Mississippi Sheriff is not subject to Eleventh Amendment Immunity for employment decisions because he has the power to "appoint one or more deputies . . ., remove them at pleasure, and to fix their compensation, subject to the budget of the sheriff's office . . ." *Miss. Code Ann.* § 19-25-19 (1972). In the context of service in the Mississippi National Guard, the decisions of a Mississippi Sheriff are completely subordinate to the Governor of the State of Mississippi. *Miss. Code Ann.* §33-3-1. In fact, the Governor of the State of Mississippi has express managerial prerogative. *Miss Code Ann.* § 33-7-305. Hence, both the employer and the employment issues before the Court are akin to those subject to Eleventh Amendment protection and dismissal pursuant to *Fed. R. Civ. Proc.* 12(b)(1). Respectfully, the Defendants seek the guidance of the Court on the issue of subject matter jurisdiction.

### III. INDIVIDUAL & DUPLICATE PARTIES

There are no "individual capacity" claims under USERRA. *38 U.S.C. §4303(4).*[7] Rather, the term or concept of "employer" is defined as "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities."

---

[5] Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)(Applied Eleventh Amendment Immunity where the state had managerial prerogative.).

[6] McMillian v. Monroe County, 520 U.S. 781, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997).

[7] Carlberg v. N.H. Dep't of Safety, 2008 U.S. Dist. LEXIS 106103 (N.H. Dist. 2008)("Plaintiff's USERRA claims against the individual defendants in their individual capacities are dismissed for failure to state a claim.")(Citing Townsend v. University of Alaska, 543 F.3d 478, 2008 WL 4093608 (9th Cir. 2008), McIntosh v. Partridge, 540 F.3d 315 (5th Cir. 2008), and Velasquez v. Frapwell, 165 F.3d 593 (7th Cir. 1999).

38 U.S.C. § 4303(4)(A). A state is specifically enumerated as an employer to whom USERRA applies. 38 U.S.C. §4303(4)(A)(iii). USERRA clearly defines "State" to include political subdivisions thereof. 38 U.S.C. § 4303(14).

Individually, Desoto County Sheriff Bill Rasco is not the Plaintiff's employer. Desoto County Sheriff Bill Rasco has been sued "individually and officially". [Doc 3, ¶3]. This Plaintiff was employed in the Desoto County Sheriff's Department. A Mississippi Sheriff, in his official capacity, is the "employer" here as a matter of law. A Mississippi sheriff is the Title VII employer of his deputies because *Miss. Code Ann*. § 19-25-19 (1972) gives the sheriff sole authority for hiring, promoting, and removing deputies, and for setting their wages. Oden v. Oktibbeha County, 246 F.3d 458, 465 (5th Cir. 2001). These employment actions are clearly official acts pursuant to the constitutional office held by a sheriff. Thus, Sheriff Rasco should be dismissed in his individual capacity. Likewise, Desoto County is at best a duplicative party which should also dismissed.

## IV. DAMAGE ISSUES

The Plaintiff seeks punitive damages, injunctive relief and emotional distress damages. [Doc 3, Page 6]. However, Congress clearly set forth the remedies to which an employee is entitled to under USERRA. 38 U.S.C. § 4323(c)(1)(A)(iii). These are: reinstatement of the position of employment, loss of wages or benefits, and if the employer's actions were willful, the court may require the employer to compensate the employee an amount equal to the amount of lost wages or benefits as liquidated damages. Sutherland v. SOSi Int'l, LTD., 2007 U.S. Dist. LEXIS 58919 (E.D. Va. Aug. 10, 2007). Plaintiff's claims for punitive damages and emotional distress damages should be dismissed. Likewise, the Plaintiff has not alleged the requisite element of irreparable harm necessary for injunctive relief. Bedrossian v Northwestern Mem. Hosp., 409 F3d 840 (7th Cir.

2005). Plaintiff's claim for injunctive relief should also be dismissed.

**NOW, THEREFORE** Defendants pray that upon consideration hereof, the Court enter its order as follows:

(A) That this Court dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction;

(B) That in the alternative the Court dismiss Sheriff Rasco (individually), dismiss Desoto County (as duplicitous) and dismiss all claims of punitive damages, emotional distress damages and injunctive relief; and,

(C) That this Court award these Defendants their attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to Rule 11, *Federal Rules of Civil Procedure* and The Mississippi Litigation Accountability Act of 1988, and *Miss. Code Ann.* §11-1-54 (2003).

**RESPECTFULLY SUBMITTED** this 12th day of November, 2010.

                                                                       **DEFENDANTS**

                                      By: /s/ *Daniel J. Griffith*
                                            Daniel J. Griffith, MS Bar No. 8366
                                            Attorney for Defendants

Of Counsel:

**GRIFFITH & GRIFFITH**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153

Anthony Nowak, Esq.
**SMITH PHILLIPS MITCHELL**
**SCOTT & NOWAK**
2545 Caffey Street
P. O. Box 346
Hernando, MS 38632
Phone: 662-429-5041
E-mail: tony@smithphillips.com


### CERTIFICATE OF SERVICE

  I, Daniel J. Griffith, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS* to be delivered by *VIA ECF FILING* to the following Counsel of Record:

      James David Harper, Esq.
      jdh@jamesharperlaw.com
      Richard D. Underwood, Esq.
      rdu@underwoodthomas.com
      *Counsel for Plaintiff*

  **DATED** this 12th day of November, 2010.

        /s/ *Daniel J. Griffith*
         Daniel J. Griffith