IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**MARK BLACKSON,**                                                                 **PLAINTIFF,**

V.                                    CIVIL ACTION NO.: 2:10-cv-00169-P-A

**DESOTO COUNTY, MISSISSIPPI,**
And **SHERIFF WILLIAM RASCO,** individually
And in his Official Capacity as
Sheriff of DeSoto County.                                                          **DEFENDANTS.**

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

COMES NOW, Mark Blackson, by and through counsel of record, to file his response to Defendants' Motion to Dismiss Complaint, and in opposition to the Motion to Dismiss, hereby states the following:

**I. INTRODUCTION**

On November 12, 2010, Defendants filed a Motion to Dismiss. Defendants asserted that Plaintiff's Amended Complaint (Doc. 3) should be dismissed because there is no subject matter jurisdiction, there are individual and duplicitous claims, and there are improper damage claims. Plaintiff files this response in opposition to the motion to dismiss.

**II. LAW AND ARGUMENT**

**A. Legal Standard for a Motion to Dismiss**

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it is well-established that a plaintiff must plead "enough facts to state

1

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle,* 517 F.3d 738, 742 (5th Cir.2008); *Guidry v. American Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.; Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999), *cert. denied,* 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, " '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if

2

they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir. 2004).

**B. This Court has subject matter jurisdiction over Plaintiff's claim.**

Defendants first argue that Plaintiff's claim under the Uniformed Services and Reemployment Rights Act (USERRA) must be filed exclusively in state court based upon the language of 38 U.S.C. §4323(b)(2). See Memorandum, p. 2. In particular, Defendants claim that this case is brought against a state, thus §4323(b)(2) applies and jurisdiction is limited solely to state courts. The jurisdictional portion of this Act states as follows:

> **(b) Jurisdiction.--(1)** In the case of an action against a State (as an employer) or a private employer commenced by the United States,

3

> the district courts of the United States shall have jurisdiction over the action.
>
> **(2)** In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.
>
> **(3)** In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.

38 U.S.C. §4323. Plaintiff, however, contends that jurisdiction is proper in this Court because he is bringing this case pursuant to §4323(b)(3), because DeSoto County and the Sheriff of DeSoto County are private employers as defined by the Act. *See, e.g., Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 465 (5th Cir. 2001)( Federal law controls whether a person is an employer under federal remedial statutes such as Title VII, but courts can look to state law to understand the nature of the employment relationship.).

Defendants cite 38 U.S.C. §4303(14) for the proposition that the USERRA defines "state" to include political subdivisions thereof, especially in light of their admission that DeSoto County is a political subdivision of the state of Mississippi. Memorandum, p. 2. That subsection of the Act states as follows:

> **(14)** The term "State" means each of the several States of the United States, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Virgin Islands, and other territories of the United States (including the agencies and political subdivisions thereof).

38 U.S.C. §4303(14). Defendants also admit, however, that "private employer" under the enforcement provision of this Act is defined to included a political subdivision of a state for the purpose of §4323. That section states as follows:

> **(i) Definition.**--In this section, the term "private employer" includes a political subdivision of a State.

4

38 U.S.C. §4323(i). Nevertheless, Defendants argue that the 5th Circuit opinion in *McIntosh v. Partridge*, 540 F.3d 315 (5th Cir. 2008) supports a finding that subject matter jurisdiction is absent in this case. A closer look at that case suggests otherwise. The *McIntosh* court dealt with a case brought under §4323(b)(2), and both parties in that case assumed that the defendant employer was the state, as opposed to a political subdivision of the state. *Id.* at 320-21, fn. 3. In fact, the defendant in *McIntosh* was the medical director of the Richmond State School, a residential home operated by an agency of the state of Texas. *Id.* at 318. Therefore, the court was forced to deal with the issue of whether there was a clear intention of Congress to abrogate state sovereign immunity by allowing individuals to bring USERRA claims against states as employers in federal court. Nowhere in *McIntosh,* however, does it state that that employer was a political subdivision of the state.

This case is more akin to the Seventh Circuit case cited by Defendants, *Sandoval v. City of Chicago*, 560 F.3d 703 (7th Cir. 2009). The employer defendant in *Sandoval* was the city of Chicago, and the court noted that Chicago was a political subdivision of the state of Illinois and thus subject matter jurisdiction was established. *Id.* at 704 (citing §4323(i)). Accordingly, if the employer is a political subdivision of the state, as in this case, then federal courts have subject matter jurisdiction over USERRA claims brought under §4323.

Inasmuch as Defendants argue that §4303(14) creates an ambiguity regarding the status of a "political subdivision of state", this argument should also fail. First of all, Defendants cite no authority to support this proposition. Second, §4323(i) certainly clarifies any ambiguity or confusion about whether political subdivisions are included

5

within the meaning of the term "state" by specifically stating that political subdivisions of a state are "private employers."   Finally, other courts have held that political subdivisions of a state are private employers under USERRA and thus subject to the jurisdiction of federal courts. *See, e.g.*, *Maher v. City of Chicago*, 463 F.Supp.2d 837, 844 (N.D. Ill. 2006);  *Miller v. City of Indianapolis*, 2001 WL 406346, at *5 (S.D. Ind. 2001).  As such, this court has jurisdiction over this case because DeSoto County is a political subdivision of Mississippi and thus a private party under the enforcement provision of the USERRA, 38 U.S.C. §3423(b)(3).

**C.  The USERRA definition of employer includes individual supervisors in non-state employer claims.**

Defendants also argue that there are no "individual capacity" claims under the USERRA.  However, the cases cited by Defendants in support of this argument involve only state employers.  This case, however, involves a private employer as further explained above.  Thus, the cases cited by Defendants do not support their position that there are no individual capacity claims under the USERRA.

As stated earlier, federal law defines who the liable parties are under federal remedial statutes.  Under the USERRA, the definition of employer states as follows:

> **(4)(A)** Except as provided in subparagraphs (B) and (C), the term "employer" means any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including--
>
> **(i)** a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities;
>
> **(ii)** the Federal Government;

6

> **(iii)** a State;
>
> **(iv)** any successor in interest to a person, institution, organization, or other entity referred to in this subparagraph; and
>
> **(v)** a person, institution, organization, or other entity that has denied initial employment in violation of section 4311.
>
> **(B)** In the case of a National Guard technician employed under section 709 of title 32, the term "employer" means the adjutant general of the State in which the technician is employed.
>
> **(C)** Except as an actual employer of employees, an employee pension benefit plan described in section 3(2) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1002(2)) shall be deemed to be an employer only with respect to the obligation to provide benefits described in section 4318.

38 U.S.C. §4303(4). In this case, subsection B does not apply because Blackson was not a National Guard technician nor was the National Guard his normal employer. Additionally, subsection C does not apply, because Blackson was not employed by an employee pension benefit plan. Under subsection A, arguably the County and the sheriff are liable to Blackson for violations under the USERRA. That subsection broadly defines employer as both the entity or person that pays the wages and the one who controls employment opportunities. Thus, under the standard for determining a motion to dismiss, Blackson has stated a plausible case against both the County and the Sheriff Rasco, even in his individual capacity, for violations of the USERRA. Defendants own brief acknowledges the sheriff's personal role in employment decisions as sheriff of DeSoto County. *See* Memorandum, p. 4 (Doc. 9) and Miss. Code Ann. § 19-25-19. Accordingly, Defendants have not met their burden to show that Defendant Rasco and/or the County should be dismissed at this stage of the case.

7

**D. Plaintiff is entitled to injunctive relief, lost wages and benefits (past and present), and liquidated damages under the USERRA.**

Defendants next argue that Plaintiff is not entitled to punitive damages, injunctive relief and emotional distress damages. As far as punitive damages, Plaintiff concedes that the statute does not specify that he is entitled to punitive damages, but rather only liquidated damages as pled in the Amended Complaint (Doc. 3).

Under the legal standard for a motion to dismiss, Plaintiff has certainly pled facts in his amended complaint that would entitle him to injunctive relief of reinstatement to his position and the benefits thereof. The factual allegations of termination and failure to give Blackson his full reemployment rights and benefits of the job address the issue of irreparable harm necessary for injunctive relief. *See* Amended Complaint, ¶¶13-18 (Doc. 3). While Blackson may not have used the term "irreparable harm", the facts he alleged sufficiently raise that claim. Additionally, Defendants reliance on *Bedrossian v. Northwestern Mem. Hosp.*, 409 F.3d 840 (7th Cir. 2005) is somewhat misplaced. The *Bedrossian* court was dealing with a motion for preliminary injunctive relief, which is certainly a more extreme form of injunctive relief than the relief sought by Blackson.

Finally, with regard to the issue of emotional distress damages, while there appears to be no binding authority in this circuit on this issue, Plaintiff understands that the remedial provision of the USERRA does not expressly provide for general damages associated with wrongful termination and retaliation.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff would respectfully request that this Court deny the Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff prays for any other relief, both general and specific, to which he may be entitled.

8

        Respectfully submitted,

        /s/ James D. Harper
        James D. Harper (MS Bar #99386)
        829 N. Lamar Blvd., Ste. 8
        Oxford, MS 38655
        (662) 985-6064
        (662) 510-0474 fax
        jdh@jamesharperlaw.com

        /s/ Richard D. Underwood
        Richard D. Underwood (MS Bar #8533)
        Underwood/Thomas, P.C.
        P.O. Box 171304 Memphis, TN 38187
        901-818-3133
        901-818-3134 fax
        rdu@underwoodthomas.com

        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on the 24th day of November, 2010, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent electronic notification of this filing to the following attorneys for Defendant:

Daniel J. Griffith
danny@griffithlaw.net

Tony Nowak
tony@smithphillips.com

Attorneys for Defendants

And I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:  None.

        */s/ James D. Harper*
        James D. Harper