**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA  DIVISION**

**MARK BLACKSON**                                                  **PLAINTIFF**

**VS**                                             **CAUSE NO. 2:10-CV-169-P-A**

**DESOTO COUNTY, MISSISSIPPI,
and SHERIFF WILLIAM
RASCO, INDIVIDUALLY and
In his official capacity as Sheriff of DeSoto
County, Mississippi**                                   **DEFENDANTS**

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants, by counsel, respectfully submit this Reply in support of dismissal, as required by *Uniform District Court Rule 7.2(D)*.

**1.  SUBJECT MATTER JURISDICTION:**   Both parties have fully briefed this issue. Simply put, there is no subject matter jurisdiction for this case UNLESS the controlling Fifth Circuit Opinion on the subject is excluded. McIntosh v. Partridge, 540 F.3d 315 (5th Cir. 2008).[1]

**2.  INDIVIDUAL CLAIMS:**   In context, this is a statutory cause of action where the parties characterize the status of Desoto County Sheriff Bill Rasco as an individual defendant differently. Specifically, Defendants cite Mississippi Law for the premise that Bill Rasco (the Defendant Sheriff) is not the EMPLOYER in his individual capacity under 38 U.S.C. §4303(4) here because he has no authority outside of his official elected office to hire or fire. *Miss. Code Ann.* § 19-25-19 (1972). Responding in opposition, Plaintiff argues that private individuals who are EMPLOYERS can be

---

[1]Giles v. University of Mississippi ex rel. Khayat, 2000 WL 33907681, 3 (N.D. Miss. 2000)(citing Barrett v. Khayat, Civil Action No. 3:97-CV-211-B-A, 1999 U.S. Dist. LEXIS 17899 (N.D. Miss. 1999))(Where arguments have been considered by another judge in this district in cases involving very similar facts and the same controlling principles of law, principles of stare decisis, as well as the sound reasoning of that judge's opinion, dictate that this Court reach the same result.).

sued under USERRA. The Defendants agree, but reiterate that in context the proper party is defined by identifying the EMPLOYER. In this case, the EMPLOYER is clearly the Sheriff of Desoto County in his official capacity. Mississippi Law is very express in cases where elected officials may be held subject to individual liability for official acts.[2] There is no authority which permits an individual capacity USERRA claim contemporaneous with a claim against an official EMPLOYER.[3] An official act of Plaintiff's EMPLOYER is necessarily required and individually, Sheriff Rasco is not that person.[4] This necessarily warrants dismissal of Sheriff Rasco in his individual capacity.

**3. DUPLICATE OFFICIAL CLAIMS:** The Plaintiff does not dispute that Desoto County is at best a duplicate official party which should be dismissed.

**4. PUNITIVE DAMAGES:** Both parties agree that there is no legal authority for an award of either punitive damages or emotional distress damages under USERRA.

**5. INJUNCTIVE RELIEF:** The Plaintiff has offered no authority to contradict the fact that injunctive relief does not lie under the Complaint.

**NOW, THEREFORE** Defendants pray that upon consideration hereof, the Court enter

---

[2]*Miss. Code Ann.* §31-7-57 (1) states in part that "any elected or appointed public officer of an agency or a governing authority, or the executive head, any employee or agent of an agency or governing authority, who appropriates or authorizes the expenditure of any money to an object not authorized by law, shall be liable personally ...".

[3]Carlberg v. N.H. Dep't of Safety, 2008 U.S. Dist. LEXIS 106103 (N.H. Dist. 2008)("Plaintiff's USERRA claims against the individual defendants in their individual capacities are dismissed for failure to state a claim.")(Citing Townsend v. University of Alaska, 543 F.3d 478, 2008 WL 4093608 (9th Cir. 2008), McIntosh v. Partridge, 540 F.3d 315 (5th Cir. 2008), and Velasquez v. Frapwell, 165 F.3d 593 (7th Cir. 1999).

[4]Individually, Sheriff Rasco is quite similar to the position of a single board member who "cannot be liable independently if [he] did not make the final decision." Beattie v. Madison County School District, 254 F.3d 595, 601 (5th Cir. 2001).

2

its order as follows:

     (A)    That this Court dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction; and,

     (B)    That in the alternative the Court dismiss Sheriff Rasco (individually), dismiss Desoto County (as duplicitous) and dismiss all claims of punitive damages, emotional distress damages and injunctive relief with prejudice.

     **RESPECTFULLY SUBMITTED** this 2nd day of December, 2010.

**DEFENDANTS**

By:    /s/ *Daniel J. Griffith*
             Daniel J. Griffith, MS Bar No. 8366
             Attorney for Defendants

Of Counsel:

**GRIFFITH & GRIFFITH**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153

Anthony Nowak, Esq.
**SMITH PHILLIPS MITCHELL
SCOTT & NOWAK**
2545 Caffey Street
P. O. Box 346
Hernando, MS 38632
Phone: 662-429-5041
E-mail: tony@smithphillips.com

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS* to be delivered by *VIA ECF FILING* to the following Counsel of Record:

> James David Harper, Esq.
> jdh@jamesharperlaw.com
> Richard D. Underwood, Esq.
> rdu@underwoodthomas.com
> ***Counsel for Plaintiff***

**DATED** this 2nd day of December, 2010.

> /s/ ***Daniel J. Griffith***
> Daniel J. Griffith