**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARK BLACKSON**                                                                                        **PLAINTIFF**

**VERSUS**                                                           **CIVIL ACTION NO. 2:10CV169-P-A**

**DESOTO COUNTY, MISSISSIPPI,
and SHERIFF WILLIAM RASCO,
Individually and in his Official Capactiy as
Sheriff of DeSoto County, Mississippi**                              **DEFENDANTS**

**<u>ORDER</u>**

This cause is before the Court on the defendant's Motion to Dismiss [8]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendants seek dismissal based on lack of subject matter jurisdiction. In the alternative, Sheriff William Rasco seeks dismissal of the individual capacity claim against him and Desoto County urges the Court to dismiss it as a party defendant because its joinder is duplicitous. Moreover, defendants attack certain of the relief requested by plaintiff–e.g., punitive damages, emotional distress damages and injunctive relief.

The Court will first address the question of subject matter jurisdiction.[1] Defendant argues

---

[1] The jurisdictional provision of the USERRA provides in pertinent part:

(b) Jurisdiction.–(1) In the case of an action against a State (as an employer or a private employer commenced by the United States, the district courts of the United States shall have jurisdiction over the action.

(2) In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the

that the case is subject to dismissal because 38 U.S.C. § 4323(b)(2) requires that suits against a State be brought in state court. However, this case is distinguishable, legally and factually, from McIntosh v. Partridge, 540 F.3d 315 (5th Cir. 2008). That suit was brought pursuant to 38 U.S.C. § 4323(b)(2); the instant case was brought under § 4323(b)(3). As a result, the Fifth Circuit had no occasion to pass upon the import of § 4323(i), a subsection of the statute which specifically states: "In this section, the term "private employer" includes a political subdivision of a State." 38 U.S.C. § 4323(i). Finally, in McIntosh the defendant was the medical director of a Texas state agency–necessarily implicating the State as employer. In this case, the defendant is, without doubt, a political subdivision as defined by § 4323(i).[2] Accordingly, after a review of the statutory and available caselaw, the Court concludes that this Court does have subject matter jurisdiction over plaintiff's claim under the USERRA.

With regard to the alternative relief sought by defendants, the Court finds the motion well-taken with regard to the individual capacity claim against Sheriff Rasco. The Court likewise finds that as suit against Sheriff Rasco in his official capacity is tantamount to a claim against Desoto County; accordingly, plaintiff's joinder of Desoto County is duplicitous and it should be dismissed as a party defendant. Finally, plaintiff concedes that the USERRA does not permit recovery of either punitive or emotional distress damages. Plaintiff is limited to the forms of recovery approved

---

laws of the State.

(3). In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.

38 U.S.C. § 4323(b).

[2] The Court has considered defendant's contrary argument and rejects it.

2

by statute, including injunctive relief to the extent he is capable of proving his right to that extraordinary remedy at trial.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Dismiss should be and hereby is, GRANTED IN PART and DENIED IN PART. IT IS FURTHER ORDERED that the plaintiff's claim against Sheriff William Rasco in his individual capacity is hereby DISMISSED. IT IS FURTHER ORDERED that Desoto County is hereby DISMISSED AS A PARTY DEFENDANT. IT IS FURTHER ORDERED that plaintiff's claims for punitive and/or emotional distress damages are hereby DISMISSED. IT IS FURTHER ORDERED that the parties are to contact the assigned Magistrate Judge to schedule an initial case management conference within fourteen (14) days of the entry of this Order.

SO ORDERED, this the 29th day of September, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE